UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM HORN** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-3530** |
| **LOUISIANA STATE**, *et al.* | **SECTION: I/5** |

### ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of the City of New Orleans ("New Orleans"), as defendant and defendant-in-intervention, to dismiss the claims brought against it by plaintiff, William Horn ("Horn"), and plaintiffs-in-intervention, Red Disposal, LLC ("Red Disposal"), and Stonington Insurance Company ("Stonington").[1] For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

On December 11, 2006, the New Orleans Fire Department responded to a traffic accident located on or near Interstate Highway 10 at Interstate Highway 610 East in New Orleans, Louisiana.[2] The accident resulted in approximately fifty gallons of aluminum paint leaking onto the highway; the paint was removed from the scene by Moon's Towing, Garner Environmental

---

[1] R. Doc. No. 49.

[2] R. Doc. No. 54-2, intervenors' opp'n, ex. 1, New Orleans Fire Department incident report.

Services, and members of SAIA Trucking Company.[3]

The following day, Horn was driving a semi-tractor trailer eastbound on Interstate Highway 10.[4] Shortly after turning his vehicle onto Interstate Highway 610 East, Horn allegedly turned his wheels slightly left, causing them to skid.[5] Horn allegedly lost control of the vehicle and crashed partially through the guard rail.[6]

On July 6, 2007, Horn filed his complaint against defendants, the State of Louisiana *ex rel.* the Department of Highways and New Orleans, for injuries he sustained as a result of the accident.[7] Horn alleged that the crash was the result of New Orleans' negligent failure to properly remove debris from the previous accident at that location.[8] Further, Horn claimed the highway was defective and that it was the responsibility of defendants to maintain it in a safe condition.[9]

On November 16, 2007, Red Disposal and Stonington filed a complaint-in-intervention that also named, *inter alia*,[10] New Orleans.[11] Red Disposal was the owner of the truck that Horn

---

[3] *Id.*

[4] R. Doc. No. 1, compl. ¶ 3.

[5] *Id.* ¶ 4.

[6] *Id.* ¶¶ 4-5.

[7] *Id.* ¶¶ 1-2, 9.

[8] *Id.* ¶¶ 6-7.

[9] *Id.* ¶ 8.

[10] Intervenors' complaint also named Jason Hatcher, Dealer Direct Transport, Phillips and Jordan, Inc. ("Phillips"), New Orleans Demolition Services ("NODS"), and the State of Louisiana or, in the alternative, the Louisiana Department of Transportation and Development ("DOTD"). R. Doc. No. 20, intervenors' compl. ¶ 2.
   The State of Louisiana, through the DOTD, as defendant in the original action, filed a motion to dismiss Horn's claims against the State of Louisiana and the DOTD. R. Doc. No. 18. The State of Louisiana, through the DOTD, also filed, as defendant-in-intervention, a motion to dismiss intervenors' complaint against the State of Louisiana and the DOTD. R. Doc. No. 30. The Court granted the motions to dismiss, and the State of Louisiana and

was driving; Stonington insured the truck at the time of the accident.[12]  Intervenors' allegations against New Orleans are substantially the same as Horn's, *i.e.*, that New Orleans was negligent in failing to properly clean the highway and remove dangerous substances and/or debris.[13] Intervenors also allege that the highway was defective and that it was New Orleans' responsibility to maintain it in a safe condition.[14]

On April 17, 2008, New Orleans filed this motion for summary judgment seeking to dismiss the claims brought against it by Horn and intervenors.[15]  New Orleans argues that it is not responsible for the cleaning, maintenance, or care of either Interstate Highway 10 or Interstate Highway 610 and, therefore, it cannot be held liable for negligent cleaning or maintenance.[16]  Intervenors argue that New Orleans does have a duty to maintain the interstate highways and that New Orleans was constructively aware, through its employees, of the danger present as a result of the previous accident.[17]  Horn did not file an opposition to New Orleans' motion.

---

the DOTD are no longer parties to the lawsuit. R. Doc. No. 40, order of January 22, 2008.
    Further, Phillips, as intervenor defendant, filed a motion to dismiss the claims against it pursuant to Rule 12(b)(6); the Court granted Phillips' motion. R. Doc. No. 47, order of April 16, 2008.

[11] Intervenors' compl.

[12] *Id.* ¶ 10.

[13] *Id.* ¶ 8.

[14] *Id.* ¶ 9.

[15] Mot. remand.

[16] R. Doc. No. 49-2, mem. supp. at 3.

[17] R. Doc. No. 54, mem. opp'n at 5.

*LAW AND ANALYSIS*

**I.      Standard of Law**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d

202, 211-12 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

**II.    Discussion**

La. Rev. Stat. Ann. § 9:2800, which is a limitation of liability for public entities,[18] provides that "[a] public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody." La. Rev. Stat. Ann. § 9:2800 (1997 & Supp. 2003). This section governs claims against public entities for breaching a duty to maintain highways in a reasonably safe condition. *See, e.g.*, *Graves v. Page*, 703 So. 2d 566, 571 (La. 1997). New Orleans is a public entity within the meaning of that section. *See, e.g.*, *LeBlanc v. City of Donaldsonville*, 897 So. 2d 104, 107 (La. Ct. App. 2004) (noting that the City of Donaldsonville was legally entitled to § 9:2800's statutory protection against defendant in a negligence claim); *Joseph v. City of New Orleans*, 842 So. 2d 420, 423 (La. Ct. App. 2003) (noting that the City of New Orleans is a public entity).

In order to prove a claim, based on either negligence or strict liability, against a public entity, a plaintiff must prove: (1) the entity's care or custody of the defective thing, (2) that the defect created an unreasonable risk of harm, (3) the entity's actual or constructive notice of the

---

[18] "'Public entity' means and includes the state . . . and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions." La. Rev. Stat. Ann. § 9:2800(G)(1) (1997 & Supp. 2003).

defect, (4) failure to take corrective action within a reasonable time, and (5) causation. *Williams v. City of Mansfield*, 962 So. 2d 1187, 1189 (La. Ct. App. 2007); *Warden v. Richoux*, 952 So. 2d 828, 831 (La. Ct. App. 2007); *Joseph*, 842 So. 2d at 423; *see* La. Rev. Stat. Ann. § 9:2800.

Concerning the first element, there is no evidence that the interstate highway at issue in this case was in the care and custody of New Orleans. New Orleans has provided summary judgment evidence to the contrary, showing that it has no responsibility for the maintenance, cleaning, or care of Interstate Highway 10 or 610 East.[19] Horn and intervenors, therefore, have failed to show that a genuine issue of material fact exists as to the first element, *i.e.*, that the interstate highways were in New Orleans' care and custody.

Intervenors argue that New Orleans need not have care or control over the highways in order to be held liable.[20] Citing *Duckworth v. Government Employees Insurance Co.*, 464 So. 2d 907 (La. Ct. App. 1985), intervenors allege that New Orleans need only have been aware of the dangerous situation in order to be liable. However, *Duckworth* is inapplicable in this case as it was decided prior to the enactment of § 9:2800. Section 9:2800 is clear that, in order for a public entity to be held liable, the defective thing must be in the care and custody of the public entity *and* the public entity must have actual or constructive notice of the defect. La. Rev. Stat. Ann. § 9:2800(A), (C). Therefore, the argument that awareness of the defect alleviates the burden to prove care and custody of the highways is without merit.

Accordingly,

**IT IS ORDERED** that the motion for summary judgment filed on behalf of defendant

---

[19] R. Doc. No. 49-3, mot. summ. j., ex. A, Nguyen Phan aff.

[20] Mem. opp'n at 5.

and defendant-in-intervention, the City of New Orleans,[21] is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims brought against New Orleans in the complaint and the complaint-in-intervention are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, June 3, 2008.

                                             _____
                                                     **LANCE M. AFRICK**
                                           **UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. No. 49.